IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| VIRGINIA CEYNAR, DAVID CEYNAR, HYSTAD CEYNAR MINERALS, LLC, and THE BIRDHEAD COMPANY LLC, on behalf of themselves and a class of similarly situated persons,<br><br>        **Plaintiffs**<br><br>v.<br><br>**OASIS PETROLEUM NORTH AMERICA LLC**<br><br>        **Defendant.** | Civil Action No.: |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Virginia Ceynar, David Ceynar, Hystad Ceynar Minerals, LLC, and The Birdhead Company LLC (collectively, "Plaintiffs"), on behalf of themselves and the Class defined below, for their Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Oasis Petroleum North America LLC ("Oasis"), allege:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this class action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (a) Plaintiffs have brought this case as a class action; (b) the Class proposed by Plaintiffs exceeds 100 members; (c) the proposed Class contains at least one Class member who is a citizen of a state different from the states where Oasis is deemed to be a citizen; and (d) the amount in controversy on the claims of the proposed Class members exceeds the sum of $5,000,000, exclusive of interest and costs.

2. This Court has personal jurisdiction over Oasis because Oasis has conducted substantial business in the State of North Dakota, and because a substantial portion of the acts and conduct of Oasis giving rise to the claims asserted in this class action occurred in the State of North Dakota.

3. Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district because a substantial part of Oasis's conduct giving rise to the claims alleged in this class action occurred in this judicial district.

## PARTIES

4. Plaintiff Virginia Ceynar is a resident and citizen of the State of North Dakota.

5. Plaintiff David Ceynar is a resident and citizen of the State of North Dakota.

6. Plaintiff Hystad Ceynar Minerals, LLC ("HCM") is a limited liability company organized under the laws of the State of North Dakota, and its principal place of business is located at 3461 131st Ave. NW, Arnegard, North Dakota, 58835.

7. Plaintiff The Birdhead Company LLC ("Birdhead") is a limited liability company organized under the laws of the State of Montana, and its principal place of business is located at 2061 River Watch Trail, Seeley Lake, Montana, 59868.

8. Defendant Oasis is a limited liability company organized under the laws of the State of Delaware, and its principal place of business is located at 1001 Fannin Street Suite 1500, Houston, Texas, 77002-6739.

## CLASS DEFINITION

9. Plaintiffs bring this class action on behalf of themselves and a Class of similarly situated persons consisting of:

> All persons to whom Oasis has paid royalties on oil produced from wells located in the State of North Dakota since July 1, 2010, pursuant to leases or overriding royalty agreements which require Oasis "[t]o deliver to the credit of Lessor, free of cost, in the pipeline

> to which Lessee may connect wells on said land, the equal [a specified percentage] of all oil produced and saved from the leased premises."
>
> The Class excludes: (a) the United States; and (b) Oasis and its affiliated entities, and their respective employees, officers and directors.

## FACTUAL ALLEGATIONS

10. On September 23, 2009, Virginia Ceynar and David Ceynar (the "Ceynars"), as lessors, entered into an oil and gas lease with St. Mary Land & Exploration, as lessee, pertaining to leased premises located in the State of North Dakota (McKenzie County Recorder of Deeds Number 393930, the "930 Lease"). The Ceynars received royalties pursuant to the 930 lease on or after July 1, 2010, which have been underpaid in the same manner set forth below in Paragraphs 16 through 18, inclusive, thus causing damage to the Ceynars. On February 14, 2012, the Ceynars conveyed their lessors' interests in the 930 Lease to HCM. On October 1, 2016, Oasis acquired the lessee's interests under the 930 Lease, and has continued to own such interests at all times since October 1, 2016.

11. The 930 Lease, as amended, contains the following oil royalty provision, under which the lessee agrees "[t]o deliver to the credit of the lessor, free of cost, in the pipeline to which lessee may connect wells on said land, the equal [seventeen and one-half percent (17.50%)] part of all oil produced and saved from the leased premises." The oil royalty provision of the 930 Lease provides for a one-eighth royalty (1/8). However, Exhibit A attached to the 930 Lease contains the provision stating that "Wherever the fraction one-eighth (1/8) appears in the paragraphs herein, the same is hereby changed to read seventeen and one-half percent (17.50%)."

12. On September 23, 2009, James Forthun and Jane Forthun, as lessors, entered into an oil and gas lease with St. Mary Land & Exploration, as lessee, pertaining to leased premises located

3

in the State of North Dakota (McKenzie County Recorder of Deeds Number 393889, the "889 Lease"). On December 30, 2014, James Forthun and Jane Forthun conveyed their lessors' interests in the 889 Lease to Birdhead. On January 2, 2017, Birdhead conveyed an undivided one-half (50%) of its lessor's interests in the 889 Lease to Origin Royalty Legacy, LP, and Birdhead has continued to own the remaining one-half (50%) lessor's interest in the 889 Lease at all times since January 2, 2017. On October 1, 2016, Oasis acquired the lessee's interests under the 889 Lease, and has continued to own such interests at all times since October 1, 2016.

13. The 889 Lease, as amended, contains the following oil royalty provision, under which the lessee agrees "[t]o deliver to the credit of the lessor, free of cost, in the pipeline to which lessee may connect wells on said land, the equal [three-sixteenths (3/16ths)] part of all oil produced and saved from the leased premises." The oil royalty provision of the 889 Lease provides for a one-eighth royalty (1/8). However, Exhibit A attached to the 889 Lease contains the provision stating that "Wherever the fraction one-eighth (1/8) appears in the paragraphs herein, the same is hereby changed to read three-sixteenths (3/16ths)."

14. At various times since Oasis acquired its lessee's interests under the 930 Lease and the 889 Lease (collectively, the "Leases"), Oasis has produced and sold oil from wells subject to the Leases, and has paid royalties to Plaintiffs on such oil production.

15. Oasis has not delivered any oil in kind to Plaintiffs from wells subject to the Leases.

16. At various times since acquiring its lessee's interests, Oasis, in its calculation and payment of royalties to Plaintiffs on oil sales subject to the Leases, has improperly deducted from the sale price of the oil various costs related to transporting the oil from the well to and through a transportation pipeline related to transporting the oil to a delivery point where the oil has been sold to third parties, and has improperly deducted other costs not permitted under the terms of the

4

applicable Leases. The costs which Oasis has improperly deducted from the sales price of the oil have included costs which Oasis, in its royalty statements sent to the Plaintiffs, describes as "OPM BFEE-0 – OPM Admin 3rd Party Brokerage Fees," "TRN – Transportation," "TRN1 – Transportation – Gathering," and "TRN3 – Transportation – General."

17. Oasis's deduction of the above-referenced costs in its calculation of royalties paid to Plaintiffs on oil sales is not permitted under the oil royalty provisions referenced in Paragraphs 11 and 13 of this Complaint, and Oasis has materially breached its contractual obligations to Plaintiffs under the Leases by taking such deductions in its calculation and payment of royalties to Plaintiffs.

18. Plaintiffs have sustained substantial damages as a result of Oasis's breach of its contractual obligations to Plaintiffs under the Leases.

19. In addition to Plaintiffs, each member of the proposed Class has an interest in a lease or overriding royalty agreement which contains or is subject to the same oil royalty provision that is set forth in the Leases, and under which Oasis has owned the lessee's interest, or with respect to overriding royalty agreements, has been obligated to pay the royalties to the owner of the overriding royalty interest. Oasis, in its calculation and payment of royalties on oil sales to the members of the Class, has engaged in the same method of royalty accounting which it utilizes to pay royalties to Plaintiffs on oil sales, in that Oasis has deducted from the sales price of the oil the various costs referenced in Paragraph 16 of this Complaint at various times since July 1, 2010.

20. Oasis has not delivered any oil in kind to any member of the proposed Class from wells subject to the leases or overriding royalty agreements described in the Class definition set forth in Paragraph 9 of this Complaint.

21. Oasis, in deducting the above-referenced costs in its calculation of royalties paid to the Class members on oil sales, has materially breached its contractual obligations to the Class

members under the leases and overriding royalty agreements described in the Class definition set forth in Paragraph 9 of this Complaint.

22. As a direct result of Oasis's breach of its contractual obligations to the members of the Class, the royalties owed to the Class members have been substantially underpaid, and the Class members have sustained substantial damages.

## CLASS ACTION ALLEGATIONS

23. The proposed Class, which consists of more than one hundred persons, is so numerous that joinder of all Class members in this litigation is impracticable.

24. There are questions of law or fact common to the claims of the Class members against Oasis, including, but not limited to: (1) whether Oasis's deduction of the above-referenced costs in its calculation of royalties paid to the Class members is a material breach of Oasis's obligations to the Class members under the leases and overriding royalty agreements at issue; and (2) the proper method for calculating the royalty underpayments resulting from Oasis's improper deduction of the above-referenced costs from the sales price of the oil in its payment of royalties to the Class members.

25. The claims of Plaintiffs against Oasis are typical of the claims of the Class members against Oasis.

26. Plaintiffs will fairly and adequately protect the interests of the Class members regarding their claims against Oasis.

27. The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members of the Class.

28. A class action is superior to other available methods for fairly adjudicating this controversy.

## FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

29. The allegations contained in Paragraphs 1 through 28, inclusive, are restated and incorporated by reference herein.

30. Oasis has breached its obligations to Plaintiffs and the Class members under the leases and overriding royalty agreements at issue, in the manner described above.

31. Plaintiffs and the Class members have sustained substantial damages as a direct result of Oasis's breaches of its royalty payment obligations to Plaintiffs and the Class under the leases and overriding royalty agreements at issue.

32. Pursuant to N.D.C.C. § 47-16-39.1, Plaintiffs and the Class members are entitled to recover prejudgment interest on the full amount of each royalty underpayment, at a rate of eighteen percent per annum, calculated from the date of each underpayment through the date of judgment, as well as court costs and attorney's fees.

33. Plaintiff and the Class members are entitled an eighteen percent per annum interest rate pursuant to N.D.C.C. § 47-16-39.1 because Oasis failed to pay oil royalties within 150 days after oil produced under the leases and overriding royalty agreements at issue is marketed, and Plaintiff and the Class members are not seeking to cancel their leases and overriding royalty agreements.

## SECOND CLAIM FOR RELIEF – DECLARATORY JUDGMENT

34. The allegations contained in Paragraphs 1 through 33, inclusive, are restated and incorporated by reference herein.

35. A controversy exists between Plaintiffs, the Class, and Oasis regarding the correct method for Oasis's calculation and payment of future royalties on oil sales under the leases and overriding royalty agreements at issue.

36. Plaintiffs request that the Court enter a declaratory judgment declaring that Oasis is required to pay future royalties to Plaintiffs and the Class members under the leases and overriding royalty agreements at issue without taking the deductions referenced in Paragraph 16 of this Complaint.

## PRAYER FOR RELIEF

Plaintiffs pray for the following relief:

1. An Order finding that the claims asserted by Plaintiffs on behalf of the defined Class should be certified as a class action pursuant to Fed. R. Civ. P. 23(b)(3), that Plaintiffs be appointed as the Class Representatives for the certified Class, and that Plaintiffs' attorneys be appointed as Class Counsel for the certified Class;

2. A judgment in favor of Plaintiffs and the Class members on their claim for Oasis's breaches of the leases and overriding royalty agreements at issue, for the full amount of royalty underpayments, plus applicable prejudgment interest pursuant to N.D.C.C. § 47-16-39.1;

3. A declaratory judgment declaring the appropriate method for Oasis's calculation of future royalties on oil sales under the leases and overriding royalty agreements at issue, in accordance with the relief prayed for by Plaintiffs in Paragraph 36 of this Complaint;

4. An award of court costs and attorneys' fees pursuant to N.D.C.C. § 47-16-39.1; and

5. For such additional relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiffs request a jury trial on all matters so triable.

    VOGEL LAW FIRM

    By: */s/ Joshua A. Swanson*
    Joshua A. Swanson, ND Bar No. 06788
    R.J. Pathroff, ND Bar No. 07759

218 NP Avenue
Fargo, ND 58102
(701) 237-6983
jswanson@vogellaw.com
rpathroff@vogellaw.com

and

LAW OFFICES OF GEORGE A. BARTON, P.C.

By: /s/ *George A. Barton*
George A. Barton Mo. Bar No. 26249
7227 Metcalf Avenue, Suite 301
Overland Park, KS 66204
(913) 563-6250
gab@georgebartonlaw.com

**ATTORNEYS FOR PLAINTIFFS AND
THE PROPOSED CLASS**